IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN STEPHENS, JR.,

      Petitioner,

v.                                                    CASE NO. 1:14-cv-108-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In his Petition,
Petitioner contends that (1) his trial counsel was ineffective by pursuing a
strategy of avoiding depositions and seeking a downward departure based
on cooperation, (2) his trial counsel was ineffective by advising him to
plead guilty to both battery and attempted sexual battery, and (3) his trial
counsel was ineffective for failing to consult with him about an appeal. (*Id.*)
Respondent filed a response, ECF No. 9, along with relevant portions of
the state-court record. (ECF No. 9-1 ("Ex.")[1].)  Petitioner filed a reply to the

---

[1] For purposes of page numbering for each exhibit, the number used will be the
number that corresponds to the number at the top of the page for ECF No. 9-1, except
as otherwise noted, because each exhibit was not numbered separately on the docket.

Response. (ECF No. 12.)  Upon due consideration of the Petition, the

Response, the Reply, and the state-court record, the undersigned

recommends that the Petition be denied.[2]

## Summary of State-Court Proceedings

Petitioner was charged in Court One with attempted sexual battery

by use of force likely to cause serious personal injury; in Count Two with

attempted robbery; in Count Three with battery; in Count Four with stalking;

and in Count Five with tampering with a witness, victim or informant. (Ex.

B.)  He pleaded *nolo contendere* in open court on March 21, 2011, to

Counts One, Three, Four, and Five.[3]  (Ex. C; Ex. D.) After the court

accepted his plea, the court sentenced Petitioner to ten years'

incarceration followed by five years' sex offender probation for Count One,

two days' incarceration with two days' credit for time served for Counts

Three and Four, and five years' probation to be served concurrently with

the sex offender probation for Count Five. (Ex. D at 42–43[4]; Ex. E.)

---

[2]  Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[3] The State filed *nolle prosequi* for Count Two in exchange for Defendant's plea. (Ex. F.)

[4] The page numbering for the transcript of the plea and sentencing hearing comes from the top of each page of the transcript rather than the number that corresponds to ECF No. 9-1.

Petitioner did not appeal. (ECF No. 1 at 1.)

Petitioner then sought relief pursuant to Fla. R. Crim. P. 3.850.  He

filed his first Rule 3.850 motion *pro se* on October 14, 2011.[5]  (Ex. G.) In

his first motion, Petitioner claimed that (1) his plea was obtained unlawfully

and not made voluntarily; (2) his conviction was obtained by the failure of

the prosecution to disclose favorable evidence to the defendant; (3) he was

denied effective assistance of counsel; and (4) the court lacked jurisdiction

to enter the judgment or impose the sentence. (*Id.*)

Petitioner filed his "Second Motion to Vacate Judgment and

Sentence Pursuant to Rule 3.850" through counsel on November 5, 2012.

(Ex. H.) In that motion, Petitioner's counsel asserted that (1) Petitioner's

plea was not knowing, intelligent, or voluntary because his counsel did not

take depositions, mistakenly believing that Petitioner would receive a

downward sentence by not taking depositions; and (2) counsel misadvised

Petitioner to plead to battery, which is a lesser included offense of

attempted sexual battery. (*Id.*)

The state circuit court denied these motions on July 9, 2013, without

an evidentiary hearing. (Ex. I.)  Petitioner appealed the denial of his

---

[5] The dates used for filing are noted by the stamps from the Clerk's office on
each of the documents.

motions.  (Ex. K.)  On appeal, the First DCA affirmed without opinion on November 6, 2013.

(Ex. M.)  The instant federal habeas petition followed on June 2, 2014. (ECF No. 1.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined  by  the  Supreme  Court  of  the  United  States." 28 U.S.C.  § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053,

1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*,

633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme Court] has on a set of materially

indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182

(11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529

U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law

includes only the holdings, not the dicta of Supreme Court decisions. *White*

*v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s

'unreasonable application' clause, we grant relief only 'if the state court

identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the

prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting

*Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a

state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S.

86, 103 (2011).  "[A]n 'unreasonable application' of [Supreme Court]

holdings must be 'objectively unreasonable,' not merely wrong; even 'clear

error' will not suffice." *Woodall*, 134 S.Ct. at 1702.  In other words,

Petitioner must establish that no fairminded jurist would have reached the

Florida court's conclusion.  *See Richter*, 562 U.S. at 102–03; *Holsey v.*

*Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012).

"If this standard is difficult to meet, that is because it was meant to be."

*Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard

plays a limited role in habeas review because the district court considers

the reasonableness of the trial court's fact-finding only to the extent that

the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A

federal habeas court can consider the full record before it to answer "the

only question" that matters: "whether the state court's determination [was]

objectively unreasonable."  *Id.* at 1290.

### Ineffective Assistance of Counsel

Because each of Petitioner's claims allege ineffective assistance, a

review of the applicable law is necessary. Under *Strickland v. Washington*,

to prevail on a constitutional claim of ineffective assistance of counsel, a

defendant must demonstrate that (1) his counsel's performance was below

an objective and reasonable professional norm, and (2) he was prejudiced

by this inadequacy.  *Strickland*, 466 U.S. 668, 686–96 (1984).  The court

may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and

> so on.  The lawyer's strategy was course A.  And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome."  *Id.*

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*."  *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). With respect to the performance prong, in the context of a plea bargain, "defense counsel has the duty to communicate formal offers from the prosecutor to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. To show prejudice in the context of a plea bargain, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v.*

*Cooper*, 132 S. Ct. 1376, 1384 (2012).  Where the prejudice alleged is the choice to reject a plea offer,

> a defendant must show that but for the ineffective advice of
> counsel there is a reasonable probability that the plea offer
> would have been presented to the court (*i.e.*, that the defendant
> would have accepted the plea and the prosecution would not
> have withdrawn it in light of intervening circumstances), that the
> court would have accepted its terms, and that the conviction or
> sentence, or both, under the offer's terms would have been
> less severe than under the judgment and sentence that in fact
> were imposed.

*Id.* at 1385.

In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The requirement of a showing of prejudice in the guilty plea context serves "the fundamental interest in the finality of guilty pleas."  *Id*. at 58.  The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

When, as here, the state courts have denied an ineffective

assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court.  28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law."  *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*.

Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105. When combined with the extra layer of deference that § 2254 provides, the result is double deference, and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that a state court denied on the merits is found to merit relief in a federal habeas proceeding.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must fairly present the claim in each appropriate state court, thereby affording the state courts a meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986).  But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish

cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such a case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453.

To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## DISCUSSION

**Ground One: Counsel's strategy of avoiding depositions and seeking a downward departure for cooperation does not constitute ineffective assistance of counsel.**

Petitioner contends that his trial counsel rendered ineffective

assistance by pursuing a strategy of avoiding depositions and seeking a

downward departure based on Petitioner's cooperation and kindness to the

victim. (ECF No. 1 at 3.)  Petitioner raised this claim as ground one of his

"Second Motion to Vacate Judgment and Sentence Pursuant to Rule

3.850."  (Ex. H at 95–97.)  In support of his argument that counsel was

ineffective, Petitioner suggested that his trial counsel did not take

depositions because he believed it would result in a downward sentence.

(*Id.*)

In rejecting this claim on post-conviction review, the state court

reasoned:

> Defendant alleges that trial counsel was ineffective for failing to
> investigate the case prior to advising Defendant to enter a plea.
> During the plea and sentencing proceeding, Defendant
> indicated that he wanted to enter the plea based on his
> remorse for the charged offenses. Furthermore, counsel
> advised the court that Defendant did not want to put the victim
> through any more pain by taking depositions and possibly
> proceeding to trial. . . . "Defendants are bound by the
> statements made by them under oath; they are not entitled to
> have their plea set aside by later claiming the plea was
> involuntary based on their allegedly perjured testimony." *Henry*,
> 920 So. 2d at 1246. "Defendants have a duty to uphold the
> solemn oath they take to tell the truth. They are bound by their
> sworn answers during the colloquy." *Iacono*, 930 So. 2d at 831.
> "Allowing this type of claim would undermine the purposes
> behind the oath to tell the truth, the plea forms, and the plea
> colloquy's determination of voluntariness." *Id.* at 831-32.
> Accordingly, the claim raised is without merit.

(Ex. I at 107.)  The First DCA affirmed *per curiam* without opinion.  (Ex. M.)

Considering the state court already denied this claim on the merits, the Court must give the state court's finding double deference so that the question for this Court becomes whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Petitioner's claim that his trial counsel was ineffective for avoiding depositions and seeking a downward departure based on cooperation is wholly without merit. Applying the two-part test set forth in *Strickland*, Petitioner would have to show that (1) counsel's performance was below an objective and reasonable professional norm, and (2) Petitioner was prejudiced by this inadequacy. 466 U.S. at 686.

Under the first prong, Petitioner has failed to show that his trial counsel's performance was deficient. Based on Petitioner's desire to enter a plea, his representations to the state court that he was satisfied with his counsel, and his reasons for not wanting to take depositions, it cannot be said that counsel's failure to investigate Petitioner's case more fully was deficient performance. To the contrary, it was completely reasonable. Petitioner was advised that his counsel had not fully investigated his case,

and Petitioner stated that he still desired to enter a plea to the court.  (Ex C; Ex. D.) Further, Petitioner acknowledged under oath, "Because I wish to accept the State's plea offer, at my request and with my agreement, my lawyer has not fully investigated my case nor talked to all of the witnesses." (Ex C; Ex. D at 8.)

Conclusory, unsupported assertions that counsel was ineffective are insufficient to support a claim for federal habeas relief.  Mere dissatisfaction with counsel's strategic choices does not warrant habeas relief, especially where Petitioner has failed to show how such strategies were unreasonable. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) ("Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."). There is a strong reluctance to second-guess strategic decisions made by experienced defense counsel. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Petitioner failed to

demonstrate that trial counsel's performance was deficient or unreasonable under the first *Strickland* prong.

Because Petitioner has wholly failed to show that he meets *Strickland*'s deficient performance prong, the Court need not proceed to the prejudice prong. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong . . . or vice versa.") Nothing Petitioner has presented proves that the state court should not have denied Petitioner's claim of ineffectiveness of counsel on this ground.

On this record, Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement."   *Burt,* 134 S. Ct. at 12 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2013)).  In fact, Petitioner has failed to present any argument in his Petition as to the incorrectness or erroneous nature of the state court's decision. *See* ECF No. 1 at 3. The Court therefore concludes that the state court's denial of relief was not unreasonable or lacking in

justification. Accordingly, Petitioner is not entitled to federal habeas relief

on ground one.

**Ground Two: Although trial counsel was not ineffective by allowing Petitioner to plead to both battery and attempted sexual battery, this claim is procedurally defaulted.**

Petitioner contends that his trial counsel rendered ineffective

assistance in advising him to plead guilty to both attempted sexual battery

by use of force likely to result in great bodily harm and to battery without

advising him that Florida law prohibits both unless the state can show that

two separate physical acts occurred. (ECF No. 1 at 3–4.) Petitioner

asserts—for the first time—that it was only after the court accepted his

plea that the prosecutor explained on the record that Petitioner broke off

the attack and then resumed it, which created two separate episodes.

(ECF No. 1 at 4.) Petitioner claims that absent the deficient performance of

his trial counsel, he would have refused to plead guilty to both of these

charges. (*Id.*)

This claim, however, is different from the claim previously asserted in

Petitioner's claim for post-conviction relief, which means Petitioner has

failed to exhaust this claim. Respondent asserts that this claim is

unexhausted because in Petitioner's motion for post-conviction relief,

Petitioner only alleged that simple battery was a lesser included offense of attempted sexual battery and that counsel was ineffective for advising him to plead to both charges because of double jeopardy. (ECF No. 9 at 23; Ex. H at 98–99.) Petitioner failed to address exhaustion in his Petition regarding this claim,[6] which—unlike on his motion for post-conviction relief—now acknowledges that there are instances in which a defendant can properly be convicted of both charges. (ECF No. 1 at 4.) He goes on to assert that such an instance was not established in Petitioner's case at the time the state court accepted his plea. (*Id.*) Because this was Petitioner's first mention of the timing issue, the trial court never had an opportunity to address it.

As mentioned above, before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  To

---

[6] In Petitioner's Reply to the Response, he admits that the claim is unexhausted but asserts that it is not procedurally defaulted. (ECF No. 12 at 9.)

satisfy the exhaustion requirement of federal habeas claims, a prisoner

must first fairly present his claim to each appropriate state court, thereby

affording the state courts a meaningful opportunity to "pass upon and

correct the alleged violations of its prisoners federal rights". *Baldwin*, 541

U.S. at 29 (internal quotation marks omitted) (quoting *Duncan*, 513 U.S. at

365 (1995)).

Here, the Court concludes that Petitioner has not exhausted this

claim because he did not present to the state court an argument regarding

the timing of the prosecutor's presentation of evidence of the two separate

offenses necessary to provide a factual basis for both battery and

attempted sexual battery.  Rather, he merely asserted in his post-

conviction motion that battery was a lesser included offense of attempted

sexual battery and therefore double jeopardy should prohibit charges of

both. (Ex. H.)  Accordingly this claim is unexhausted.

Petitioner's ineffective assistance of counsel claim with respect to

pleading to both battery and attempted sexual battery based on the timing

of the presentation of the factual basis to the charges is procedurally

defaulted. Petitioner never raised this specific claim in any state post-

conviction proceeding. A state post-conviction motion be must filed within

two years after the judgment and sentence became final. Fla. R. Crim. P. 3.850(b). Because Petitioner's judgment became final in March 2011—more than five years ago—he would be procedurally barred from now asserting this issue in a state post-conviction motion.[7]

As discussed above, federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Bailey*, 172 F.3d  at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).

Petitioner has failed to show the requisite cause and prejudice or a fundamental miscarriage of justice for his procedural default, meaning this claim cannot be used for federal habeas relief. Nothing suggests, nor does Petitioner allege, that he failed to assert this claim in state proceedings because of something external to Petitioner. *See Coleman*, 501 U.S. at 753 (stating that "cause" must be something external to the petition that

---

[7] Although there are several exceptions to the time limitations for filing a 3.850 motion, none would appear to apply in Petitioner's case. *See* Fla. R. Crim. P. 3.850(b).

cannot fairly be attributed to him). In fact, Petitioner makes no reference to exhaustion in his Petition. Thus, Petitioner has not shown cause for his default, and the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice.").

In Petitioner's Reply, he acknowledges that this claim is unexhausted, but he argues that it is not procedurally defaulted. (ECF No. 12 at 9.) He asserts that "ineffective assistance of postconviction counsel is an exception to the normal rules governing procedural default." (*Id.*) Accordingly, he suggests that the claim "should be evaluated for merit under a *de novo* standard, to determine whether counsel rendered deficient performance in failing to raise them below." (*Id.*)

Petitioner, however, has not raised a claim of ineffective assistance of counsel against his post-conviction counsel; his Petition alleges ineffective assistance of his trial counsel. Further, he never raised such a claim in any state court either. Thus, a claim against his post-conviction counsel is also procedurally defaulted. Because Petitioner cannot satisfy the cause and prejudice standard for the procedurally defaulted ineffective

assistance of post-conviction counsel, it cannot serve as cause for his procedurally defaulted claim in his Petition against trial counsel. So again, Petitioner has failed to show cause to excuse his procedural default, and thus he cannot use his claim to obtain habeas relief under ground two.

And considering Petitioner has not alleged any new evidence, upon which no reasonable juror would have convicted him, he also has not shown a fundamental miscarriage of justice to excuse his procedural default. *See Mize*, 532 F.3d at 1190. Therefore, Petitioner's default cannot be excused.

Because Petitioner's claim is procedurally defaulted, Petitioner is not entitled to habeas relief on this ground. *Doorbal v. McNeil*, 572 F.3d 1222, 1229 (11th Cir. 2009) (noting that because the petitioner "failed to allege cause and prejudice or actual innocence that would excuse the procedural default of his claim of ineffective assistance of counsel . . . '[h]e is therefore barred from raising it now'" (alteration in original) (quoting *Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006)).

Even assuming, *arguendo*, that Petitioner exhausted this claim in state court, there is no basis for federal habeas relief on the merits of the

claim.[8] In rejecting the ineffectiveness claim regarding double jeopardy on

post-conviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for
> misadvising Defendant to enter a plea to both Attempted
> Sexual Battery and Simple Battery. "[A] defendant can be
> convicted of both sexual battery and battery." *Herrera v. State*,
> 879 So. 2d 38, 41 (Fla. 4th DCA 2004) (citing *Beltran v. State*,
> 700 So. 2d 132 (Fla. 4th DCA 1997) (noting that each offense
> requires proof of an element that the other does not: "Sexual
> battery requires a sexual attack, but regular battery does not.
> Likewise, regular battery requires evidence of bodily harm, but
> sexual battery does not"). . . .
>      Here, the Attempted Sexual Battery and the Simple
> Battery charge were based on two separate physical attacks on
> the victim in this case. *See* Arrest Mittmus; Plea and
> Sentencing Transcript at 25 (lines 9-25) – 30 (lines 1-9), 39
> (lines 5-11), 40 (lines 10-25) – 42 (lines 1-5). Because the
> offenses were based on two separate and distinct acts, dual
> convictions for both offenses do not violate the prohibition
> against double jeopardy. Since the dual convictions are
> permissible, counsel did not err by allowing Defendant to plead
> to both of them. Accordingly, the claim raised is without merit.

(Ex. I at 190–91.)

Again, to show that counsel was ineffective, Petitioner must show (1)

that his counsel's performance was below an objective and reasonable

professional norm, and (2) that Petitioner was prejudiced by this

inadequacy. *Strickland*, 466 U.S. at 686. The Court may dispose of the

---

[8] Pursuant to 28 U.S.C. § 2254(b)(2), a habeas petition may be denied on the
merits, notwithstanding Petitioner's failure to exhaust state court remedies.

claim if Petitioner fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

Petitioner has failed to show that his counsel's performance was below an objective and reasonable professional norm in allowing Petitioner to plead to both battery and attempted sexual battery. The record developed during Petitioner's plea clearly establishes the two separate acts necessary to support convictions for both battery and attempted sexual battery. (Ex. D at 24–31.) The court even stated during the plea and sentencing hearing, "You start to leave . . . but you come back and do it again." (Ex. D at 41, ln. 20–21.) Petitioner does not object to the presentation of facts that establish the two separate offenses nor does he refute the judge's statement above. Petitioner never argued that there were not two separate physical attacks; instead, he only argued on appeal that his conduct was the same during each attack. (Ex. K at 12.[9])

In his Petition, Petitioner instead contends that the prosecutor's description of the two separate attacks cannot be relied upon because the prosecutor did not state them prior to the court's acceptance of his plea.

---

[9] The page numbers for the initial brief on post-conviction appeal come from the bottom of each page of Exhibit K, rather than from the number at the top of the page that corresponds to ECF No. 9-1.

(ECF No. 1 at 3–4.) Petitioner asserts:

> At the time the court accepted Mr. Stephens's plea of guilty, the record did not indicate that two separate attacks occurred. Neither the arrest mittimus nor any other document on file indicate that Mr. Stephens left the victim and then returned. Only after the plea of guilty was accepted did the prosecutor (without offering any proof) state on the record that Mr. Stephens had broken off his attack and then resumed, creating two episodes. Thus, the operative factual basis of the plea does not support the contention that two separate offenses occurred.

(*Id.* at 4.)

The state court, however, found a sufficient factual basis during the plea and sentencing proceedings to establish two separate physical attacks, supporting charges of both battery and attempted sexual battery, as quoted above. Petitioner does not challenge these facts but merely argues that because of the timing at which the prosecutor presented these facts to the court, there was no basis to support separate charges. (ECF No. 1 at 3–4.)

Petitioner's trial counsel did not act unreasonably in allowing Petitioner to plead to both charges because there is no dispute that a factual basis existed to warrant the charges. In light of the factual basis presented to the court, Petitioner's trial counsel had no reason to object to these charges. Accordingly, trial counsel's performance was not deficient

or ineffective, in accordance with the *Strickland* standard. Because Petitioner cannot prevail on *Strickland*'s performance prong, the Court need not address the prejudice prong. The Court determines that Petitioner has not proven ineffective assistance of counsel on this ground.

Because the state court already has denied Petitioner's ineffective assistance of counsel claim in regard to pleading to both of these charges, Petitioner has a difficult standard to meet to obtain federal habeas relief, *see Harrington*, 562 at 102, and he fails to do so here. To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). Petitioner has failed to show that the state court's rejection of this ineffective assistance of counsel claim regarding these charges was contrary to, or an unreasonable application of, federal law and, therefore, should be denied. Accordingly, Petitioner is not entitled to federal habeas relief on ground two.

**Ground Three: Petitioner's claim that his counsel was ineffective for failing to inform Petitioner about an appeal is procedurally defaulted.**

Petitioner contends in ground three of his petition that counsel failed to inform Petitioner that he could seek to withdraw his plea and that if he

was able to successfully withdraw his plea, he could appeal his conviction. (ECF No. 1 at 4.)  According to Petitioner, "Counsel did not consult with Mr. Stephens on whether it would be in his best interests to seek to have the plea withdrawn, or determine whether Mr. Stephens wanted to attempt to do so." (*Id.*) Further, Petitioner states that he would have filed a motion to withdraw his plea but for his trial counsel's deficient performance. (*Id.*)

Petitioner again fails to address exhaustion regarding this claim in his Petition.[10] Based upon the review of the record the Court determines that Petitioner never presented this claim to the state court in any motion for post-conviction relief or on appeal from the denial of post-conviction relief. A state post-conviction motion must be filed within two years after the judgment and sentence became final. Fla. R. Crim. P. 3.850(b). Accordingly, because this deadline has long since passed, Petitioner is procedurally barred from now asserting the issue in a state post-conviction motion.

Further, as with ground two, Petitioner's default cannot be excused. He has failed to show the requisite cause and prejudice for his procedural default regarding this claim. He has also failed to show a fundamental

---

[10] As with ground two, Petitioner acknowledges in his Reply that this claim is unexhausted, but he argues that it is not procedurally defaulted. (ECF No. 12 at 9.)

miscarriage of justice. Unlike ground two, nothing in the state court record even comes close to resembling this claim, and therefore no argument exists that the claim has previously been exhausted. Because Petitioner's claim is procedurally defaulted, he is not entitled to federal habeas relief as to ground three.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue."  Thus, if there is an objection to this recommendation by either

party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 20th day of October 2016.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.